RANDY S. GROSSMAN
United States Attorney
KIRIAKI GRAMMENIDIS
Assistant U.S. Attorney
Ohio Bar No. 0098984
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8836
Email: Kiriaki.Grammenidis@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 23-CR-0823-LL |
| Plaintiff, | |
| v. | **JOINT MOTION TO (1) CONTINUE MOTION HEARING AND TRIAL SETTING; AND (2) EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT** |
| RAMON ANGUIANO JIMENEZ (D2), CRISTINA GUTIERREZ (D3), LUZXIMENA ANGUIANO (D4), | DATE: July 31, 2023<br>TIME: 2:00 p.m. |
| Defendants. | **The Honorable Linda Lopez** |

The United States of America, by and through its counsel, Randy S. Grossman, United States Attorney, and Kiriaki Grammenidis, Assistant United States Attorney, and Defendants RAMON ANGUIANO JIMENEZ, CRISTINA GUTIERREZ, and LUZXIMENA ANGUIANO (collectively, the Defendants), by and through their respective counsel, Daniel Casillas, Meghan Annette Blanco, Paul W. Blake, Jr., hereby jointly move this Court for an Order continuing the Motion Hearing and Trial Setting, currently set for July 31, 2023, at 2:00 p.m., to October 30, 2023, at 2:00 p.m. The parties

also jointly move to exclude time under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(1)(D) and 3161(h)(7)(A).

1. Defendants were arraigned on an Indictment on May 9, 2023. The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), requires trial to commence within 70 days from that date.

2. Section 3161(h) excludes certain periods of time in calculating the 70 days. That includes delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The court must "set[] forth . . . either orally or in writing, its reasons" for the finding. *Id.* The court "shall consider" the following factors, "among others":

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B). "No continuance under [this provision] shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C).

3. The ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial, for the following reasons:

a. The discovery process is ongoing. The United States has produced over 1,000 pages of discovery to each Defendant, which includes search warrants and reports.

b. The United States also requested a 1 TB hard drive from each Defendant for additional discovery production and has received two out of the three hard drives. The United States was also awaiting a response from each Defense Counsel regarding the Joint Motion for a Protective Order, which was filed on June 12, 2023 (ECF No. 35), and a Protective Order was signed by the Court (ECF No. 36). For the two Defendant's the United States received hard drives from, the United States has produced additional discovery, which includes but is not limited to pole camera footage, five cell phone downloads, an Instagram return, search warrants, and reports of investigation. The Instagram return alone contains more than 99,000 pages. Once the United States receives a hard drive from the third Defendant, the United States will also produce this material for that Defendant.

c. Defendants are still reviewing and evaluating discovery and determining whether to file pretrial motions. The parties also request additional time to try to reach a possible resolution.

d. The parties seek to continue the motion hearing and trial setting to October 30, 2023, at 2:00 p.m..

e. The parties have exercised due diligence. For the reasons above, failure to grant the requested continuance would deny counsel the reasonable time necessary for effective preparation and result in a miscarriage of justice.

f. This is the second request for a continuance of the motion hearing and trial setting in this case.

g. Defendants have filed discovery motions, which will remain pending.

h. Defendants are currently on bond.

//

4. The parties therefore jointly move for a continuance and to exclude time under the Speedy Trial Act in the interests of justice. The parties agree that the time necessary for this continuance should be excluded under the Speedy Trial Act in light of the pending motions under 18 U.S.C. § 3161(h)(1)(D) and the parties respectfully request that the Court make a finding that the requested continuance further serves the ends of justice and outweighs the public and Defendant's interest in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A).

DATED: July 26, 2023

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

*s/ Kiriaki Grammenidis*
Assistant United States Attorney

*s/ Daniel Casillas*
DANIEL CASILLAS
Counsel for Ramon Anguiano Jimenez

*s/ Meghan Annette Blanco*
MEGHAN ANNETTE BLANCO
Counsel for Cristina Gutierrez

*s/ Paul W. Blake, Jr.*
PAUL W. BLAKE, JR.
Counsel for Luzximena Anguiano